1   **JENNER & BLOCK LLP**
    Dean N. Panos (*pro hac vice*)
2   dpanos@jenner.com
    353 North Clark Street
3   Chicago, IL 60654
4   Phone:        (312) 222-9350
    Facsimile:    (312) 527-0484
5
    **JENNER & BLOCK LLP**
6   Alexander M. Smith (Cal. Bar No. 295187)
    asmith@jenner.com
7   515 South Flower Street, Suite 3300
    Los Angeles, CA  90071
8   Phone:        (213) 239-5100
    Facsimile:    (213) 239-5199
9
    Attorneys for Defendant
10  Mondelēz International, Inc.

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVI KLAMMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONDELĒZ INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 4:22-cv-2046-JSW<br><br>The Honorable Jeffrey S. White<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS**<br><br>Hearing Date:   August 19, 2022<br><br>Hearing Time:   9:00 a.m.<br><br>Courtroom:   Remote (Zoom) |

Defendant Mondelēz Global LLC ("MDLZ," incorrectly sued as Mondelēz International, Inc.) has moved to dismiss Plaintiff Avi Klammer's Class Action Complaint.  Having considered the briefs and arguments and counsel, the Court hereby GRANTS MDLZ's motion to dismiss.  Because the parties are familiar with the allegations of Plaintiff's complaint, the Court does not summarize them here.

Plaintiff's primary theory of deception is that the front packaging of Enjoy Life Lentil Chips misleads consumers into believing that they are "high" in protein—or, in other words, that they contain at least 20% of the Daily Reference Value ("DRV") of protein, or at least 10 grams of protein, per serving. But as the Ninth Circuit has made clear, this Court must evaluate whether MDLZ's labeling is misleading by considering the labeling "as a whole," instead of evaluating a single phrase (such as "high protein") in isolation.  *Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995); *see also Weiss v. Trader Joe's Co.*, 838 F. App'x 302, 303 (9th Cir. 2021) (noting that "product packaging should be examined in its full context because it would be unreasonable to cherry-pick discrete statements to prove deception").  Here, the labeling of Enjoy Life Lentil Chips does not describe the chips as a "high protein" food."  Instead, it includes the phrase "high protein lentils, finely milled into flour for a light and airy chip with serious crunch."  Compl. ¶ 18.  Viewed as part of that phrase, no reasonable consumer would construe the phrase "high protein lentils" as a representation about the protein content of the chips—let alone as a claim that the chips satisfy the FDA's requirements for making a "high" nutrient content claim.  *See generally* 21 C.F.R. § 101.54.  Instead, a reasonable consumer would understand that the phrase "high protein lentils" refers to the lentil flour, which is higher in protein than other flours.

It is irrelevant that the FDA has promulgated requirements governing the use of the term "high" on food labeling.  Absent any allegation that "reasonable consumers are aware of [the FDA's] complex regulations" or that "they incorporate the regulations into their day-to-day marketplace expectations," the FDA's regulation governing "high" claims, 21 C.F.R. § 101.54(b) has no bearing on whether MDLZ's labeling is likely to mislead a reasonable consumer.  *Wynn v. Topco Assocs., LLC*, No. 19-11104, 2021 WL 168541, at *3 (S.D.N.Y. Jan. 19, 2021).  Absent any plausible allegation that reasonable consumers share the FDA's definition of "high protein" or that they construe the phrase "high protein lentils" to mean

that Enjoy Life Lentil Chips contain 20% of the DRV of protein per serving, Plaintiff has not stated a plausible claim.

Plaintiff also alleges that certain aspects of the back labeling—including the phrase "Protein-Packed" and the omission of the percent of daily value of protein from the Nutrition Facts panel—are misleading and unlawful. But these claims fail because Plaintiff has not plausibly alleged that he reviewed the back label or that these aspects of the labeling played any role in his decision to purchase Enjoy Life Lentil Chips. Instead, Plaintiff alleges that he purchased the product in reliance on "the high protein representations *printed on the front of the Product*." Compl. ¶ 17 (emphasis added). Because the back-label claims Plaintiff challenges "cannot be said to have influenced his purchase," Plaintiff "cannot state a claim that derives from this theory of misrepresentation." *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. 2016) (citation omitted); *see also Pardini v. Unilever U.S., Inc.*, 961 F. Supp. 2d 1048, 1060 (N.D. Cal. 2013) ("Plaintiff has not pled that she ever looked at the nutrition panel. As such, it is implausible that she was misled by its lack of disclosures.").

Plaintiff's challenges to the back-label claim that Enjoy Life Lentil Chips are "Protein-Packed" independently fail because this statement is non-actionable puffery. In contrast to a "specific and measurable claim" about the amount of protein in the product, the phrase "Protein-Packed" is marketing puffery that is not "capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1998); *see also, e.g.*, *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 855 (N.D. Cal. 2012) (holding that "packed with power" was non-actionable puffery because it "say[s] nothing about the specific characteristics or components of the computer").

Because Plaintiff has not plausibly alleged that the front labeling of Enjoy Life Lentil Chips violates the FDA regulations, and because he has not plausibly alleged that the "Protein-Packed Claim" or omission of the percent of daily value of protein from the Nutrition Facts panel affected his purchasing decision, he has not stated a claim under the "unlawful" prong of California's Unfair Competition Law ("UCL"). *See generally Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1143–44 (2020) (holding that the plaintiff's claim based on the "alleged unlawfulness of the label" failed when the plaintiff did not allege

that the purported regulatory violation "had anything to do" with her decision to purchase the product). And absent a plausible allegation that MDLZ's labeling is likely to mislead reasonable consumers, Plaintiff has not stated a plausible claim under the UCL's "unfair" prong, a plausible claim for breach of express warranty, or a plausible claim for unjust enrichment.  *See, e.g.*, *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 561 (N.D. Cal. 2019) ("[W]here the plaintiffs' unfair prong claims overlap entirely with their claims of fraud, the plaintiffs' unfair prong claim cannot survive . . . .") (citations and internal quotation marks omitted); *Weiss*, 838 F. App'x at 303 (affirming dismissal of breach of warranty claims premised "on the exact same representations as her consumer protection claims"); *Girard v. Toyota Motor Sales, U.S.A., Inc.*, 316 F. App'x 561, 563 (9th Cir. 2008) (noting that an "unjust enrichment claim also fails" when a defendant's "non-deceptive advertising does not entitle [the plaintiff] to restitutionary relief").

Because the Court concludes that Plaintiff has not stated a plausible claim against MDLZ, it does not reach MDLZ's argument that California's consumer protection statutes do not apply to the putative nationwide class or its argument that Plaintiff cannot seek equitable relief because he has an adequate remedy at law.

The Court accordingly GRANTS MDLZ's motion to dismiss with prejudice and without leave to amend.  The Clerk of the Court is instructed to enter a judgment of dismissal and to close the file.

IT IS SO ORDERED:


Dated: _____, 2022         By: _____
                                          The Honorable Jeffrey S. White
                                          Senior United States District Judge