**GOOD | GUSTAFSON | AUMAIS LLP**
CHRISTOPHER T. AUMAIS (SBN 249901)
CHRISTOPHER B. GOOD (SBN 232722)
RYAN GUSTAFSON (SBN 220802)
2330 Westwood Boulevard, Suite 103
Los Angeles, California 90064
Telephone: (310) 274-4463
E-mail: cta@ggallp.com
E-mail: cbg@ggallp.com
E-mail: jrg@ggallp.com

**THE KEETON FIRM, LLC**
Steffan T. Keeton*
100 South Commons, Suite 102
Pittsburgh, PA 15212
Telephone: (888) 412-5291
stkeeton@keetonfirm.com
*pro hac vice* forthcoming

Counsel for Plaintiff and the Class

**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, Illinois 60654
Phone: (312) 222-9350
Fax: (312) 527-0484

**JENNER & BLOCK LLP**
Alexander M. Smith (SBN 295187)
asmith@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, California 90071
Phone: (213) 239-5100
Fax: (213) 239-5199

Counsel for Defendant
Mondelēz Global LLC
(incorrectly sued as Mondelēz International, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVI KLAMMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONDELĒZ INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 4:22-cv-2046-JSW<br><br>The Honorable Jeffrey S. White<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to this Court's May 11, 2022 order setting an initial case management conference on July 1, 2022, Plaintiff Avi Klammer and Defendant Mondelēz Global LLC ("MDLZ," incorrectly sued as Mondelēz International, Inc.) submit the following Joint Case Management Statement.

**I.    Jurisdiction and Service.**

MDLZ executed a waiver of service on April 22, 2022.  Although MDLZ does not concede that Plaintiff is entitled to any relief, MDLZ agrees that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) and that venue is proper in this District and Division pursuant to 28 U.S.C. § 1391. MDLZ agrees that personal jurisdiction is proper as to Plaintiff's individual claims and those brought on behalf of California consumers, but disputes that personal jurisdiction is proper as to the putative nationwide class, whose alleged injuries have no nexus to the state of California.  *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017).  MDLZ reserves the right to challenge this Court's personal jurisdiction as to the putative nationwide class at the class certification stage.  *See Moser v. Benefytt, Inc.*, 8 F.4th 872, 877 (9th Cir. 2021) (holding that a personal jurisdiction defense as to absent class members is not "available" until the class certification stage and that a defendant does not "waive[] its personal jurisdiction objection to class certification by failing to assert the defense at the Rule 12 stage").

Plaintiff disagrees that personal jurisdiction is improper for the nationwide class.

**II.    Facts.**

Plaintiff alleges that Enjoy Life Lentil Chips are mislabeled for three reasons: (1) the statement "high protein lentils, finely milled into flour for a light and airy chip with a serious crunch" is misleading because the chips do not contain sufficient protein to qualify for a "high protein" claim under 21 C.F.R. § 101.54; (2) the statement "protein-packed" is false and misleading because it exaggerates the amount of protein in the product; and (3) the omission of the percent daily value of protein from the Nutrition Facts panel violates the FDA regulations—including 21 C.F.R. § 101.9(c)(7)—and contributes to the misleading effect of the alleged "high protein" and "protein-packed" claims.

MDLZ denies these allegations and has moved to dismiss Plaintiff's complaint.

**III.   Legal Issues.**

The legal issues in this case, without limitation, include:

    a.   whether Defendant misrepresented material facts concerning the Products on the label of every product;

    b.   whether Defendant's conduct was unfair, misleading, and/or deceptive;

    c.   whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon them by Plaintiff and the classes;

    d.   whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;

    e.   whether Defendant breached express warranties to Plaintiff and the classes;

    f.   whether Plaintiff and the classes have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages; and

    g.   whether this case can properly be maintained as a class action.

**IV.   Motions.**

Plaintiff intends to file a motion for class certification and a motion for summary judgment.

MDLZ has filed a motion to dismiss, which is set for hearing on August 19, 2022.  In the event this case proceeds past the pleading stage, MDLZ may file a motion for summary judgment.

**V.   Amendment of Pleadings.**

<u>Plaintiff's Position</u>: To the extent that the Court dismisses any portion of the Complaint, Plaintiff seeks leave to amend where appropriate.  Plaintiff agrees with Defendant's approximate time period.

<u>MDLZ's Position</u>: MDLZ maintains that Plaintiff's complaint is implausible and that this Court should dismiss his lawsuit without leave to amend.  Nonetheless, to the extent the Court is inclined to set a deadline for amendments following its ruling on the motion to dismiss, MDLZ respectfully requests that the deadline be approximately 90 days after its answer to the operative complaint is due.

**VI.   Evidence Preservation.**

Counsel for all parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and has taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**VII. Disclosures.**

The parties agree that they will make their initial Rule 26(a) disclosures within 14 days of the parties' Rule 26(f) conference.

**VIII. Discovery.**

No discovery has taken place thus far. The parties agree to stay discovery until 30 days following a ruling on the pending motion to dismiss.

**IX. Class Actions**.

This case is a putative class action. The parties agree that the Court should defer setting a class certification briefing schedule until it rules on MDLZ's pending motion to dismiss. The parties and their counsel confirm that they have reviewed the Northern District of California's Procedural Guidance for Class Action Settlements.

**X. Related Cases.**

Parties are not aware of any related cases pending before this Court or before another court or administrative body.

**XI. Relief.**

Plaintiff seeks the following relief:

1. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes;

2. For an order declaring the Defendant's conduct violates the statutes and laws referenced herein;

3. For an order awarding, as appropriate, compensatory and monetary damages, restitution or disgorgement to Plaintiff and the Classes for all causes of action;

4. For an order requiring Defendant to immediately cease and desist from selling their misbranded Products in violation of law; enjoining Defendant from continuing to label, market, advertise, distribute, and sell the Products in the unlawful manner described herein; and ordering Defendant to engage in corrective action;

5. For prejudgment and postjudgment interest on all amounts awarded;

6. For an order awarding punitive damages; and

7.  For an order awarding attorneys' fees and expenses and costs of suit.

MDLZ denies that Plaintiff or any member of the putative class is entitled to such relief.

**XII.   Settlement and ADR.**

The parties have not yet engaged in settlement discussions.  The parties have no objection to attending a private mediation at an appropriate point in the litigation.

**XIII.   Consent to Magistrate Judge for All Purposes.**

The parties do not unanimously consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**XIV.   Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.   Narrowing of Issues.**

The parties anticipate that the issues may be narrowed through dispositive motion practice, including MDLZ's pending motion to dismiss.  The parties do not believe that the issues can otherwise be narrowed at this time.

**XVI.   Expedited Trial Procedure.**

The parties agree that this case is not suitable for the Expedited Trial Procedure of General Order No. 64.

**XVII.  Scheduling.**

If this case proceeds beyond the pleading stage, the parties agree that Plaintiff's motion for class certification should be due approximately 6-8 months after MDLZ answers the complaint, that MDLZ's opposition be due approximately 60–75 days thereafter, and that Plaintiff's reply be due approximately 30 days thereafter.  The parties agree that the Court should defer setting any further dates or deadlines (including a discovery cutoff, a dispositive motion deadline, and the dates of the final status conference and trial) until after it has ruled on Plaintiff's anticipated class certification motion.

**XVIII. Trial**

The parties demand a jury trial on all claims and causes of action properly triable to the jury.  The parties agree that it is premature to estimate the length of the trial at this time.

4

**XIX.    Disclosure of Non-Party Interested Entities or Persons**.

MDLZ filed its Certificate of Interested Entities or Persons on May 6, 2022.  *See* ECF No. 7.

No disclosures are required by Plaintiff.

**XX.    Professional Conduct.**

All attorneys of record for all parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.


DATED:  June 24, 2022                    THE KEETON FIRM LLC

By:    /s/  Steffan T. Keeton[1] (*pro hac vice* forthcoming)
          Steffan T. Keeton

Attorneys for Plaintiff Avi Klammer and the Class


DATED:  June 24, 2022                    JENNER & BLOCK LLP

By:           /s/   Dean N. Panos
                    Dean N. Panos

Attorneys for Defendant
Mondelēz International, Inc.

---

[1] Pursuant to Civil Local Rule 5-1(i)(3), I, Dean N. Panos, hereby attest that concurrence in the filing of this document has been obtained from Steffan T. Keeton, counsel for Plaintiff.