UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVI KLAMMER,<br><br>   Plaintiff,<br><br>   v.<br><br>MONDELEZ INTERNATIONAL, INC.,<br><br>   Defendant. | Case No. 22-cv-02046-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 20 |

Now before the Court for consideration is the motion to dismiss the first amended complaint ("FAC") filed by Defendant Mondelez International, Inc. ("Defendant"). The Court has reviewed the parties' papers, relevant legal authority, and the record in this case and finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Defendant's motion with LEAVE TO AMEND.

**BACKGROUND**

Plaintiff Avi Klammer ("Plaintiff") brings this putative class action challenging the labeling of Defendant's Enjoy Life Lentil Chips (the "Products").[1] Plaintiff alleges that the Products are labeled as "high protein" and "protein-packed" when in fact they are not high in protein and do not provide a good source of protein. (FAC ¶¶ 4-5.) Specifically, Plaintiff alleges the following representations and omissions are misleading: (1) protein content claims on the front and back of the Products' labels; (2) the claims that each product is "high protein" and "protein packed," and (3) the omission of the percentage of the Daily Recommended Value ("DRV") for protein in the Nutrition Facts panel. (*Id*. ¶¶ 19-22.)

---

[1] The following products are included: Sea Salt, Garlic & Parmesan, Dill & Sour Cream, Thai Chili Lime, and Margherita Pizza. (FAC at n.1.)

Plaintiff purchased the Sea Salt and Garlic & Parmesan flavors of the chips on multiple occasions. Most recently, Plaintiff purchased the Products at a Walmart in San Leandro. (*Id.* ¶ 9.) Plaintiff alleges that the label statements led him to believe that consuming the products would provide a good source of protein. (*Id.* ¶ 11.)

Plaintiff asserts claims for violations of: California's Consumer Legal Remedies Act, Civil Code sections 1750, *et seq*. ("CLRA"); California's False Advertising Law, Business and Professions Code sections 17500, *et seq*. ("FAL"); and California's Unfair Competition Law, Business and Professions Code sections 17200, *et seq*. ("UCL"). Plaintiff also asserts claims for breach of express warranties and unjust enrichment. Plaintiff seeks injunctive relief, declaratory relief, disgorgement, restitution, and damages.

**ANALYSIS**

**A.    Applicable Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation

1    omitted).  However, documents subject to judicial notice may be considered on a motion to

2    dismiss.  *See Mack S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other*

3    *grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).  In doing so, the

4    Court does not convert a motion to dismiss to one for summary judgment.  *Id.*  The Court may

5    review matters that are in the public record, including pleadings, orders, and other papers filed in

6    court.  *See id.*

7        If the allegations are insufficient to state a claim, a court should grant leave to amend

8    unless amendment would be futile.  *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th

9    Cir. 1990); *Cook, Perkiss & Liehe, Inc.*, 911 F.2d at 246-47.

**B.  Plaintiff's Consumer Deception Claims Fail to Satisfy the Reasonable Consumer Standard.**

    To state a claim under the FAL, CLRA, and UCL, Plaintiff must allege facts satisfying the "reasonable consumer" standard, *i.e.* that members of the public are likely to be deceived.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *see Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (citing *Oswego Laborers Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995)).  "Likely to deceive" implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.  Rather, the phrase indicates that the representation is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.  *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003); *accord Fink*, 714 F.3d at 741 (plaintiff must show "deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances").

    Whether a business practice is deceptive is an issue of fact not generally appropriate for decision on a motion to dismiss.  *See, e.g.*, *Williams*, 552 F.3d at 938-39 (citing *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-35 (2007)).  However, courts have granted motions to dismiss under the UCL and similar statutes on the basis that the alleged misrepresentations were not false, misleading, or deceptive as a matter of law.  *See, e.g.*, *In re*

3

*Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 989 (S.D. Cal. 2014); *Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995) (holding that reading flyer as a whole dispelled plaintiff's allegation that a particular statement was deceptive).

### 1. "High Protein"

Plaintiff argues that the phrase "high protein" on the front packaging is misleading because it deceives consumers into thinking that the chips are "high" in protein. Plaintiff alleges that the FDA permits labeling products as "high protein" only where the product contains at least twenty percent of the daily reference value ("DRV") of protein. (FAC ¶ 32 (citing 21 C.F.R. § 101.54).) Plaintiff alleges that the Product, which contains 3 grams of protein or 6% of the DRV, does not meet this threshold and is thus misleading.

Defendant first argues that Plaintiff's theory of consumer deception fails because a reasonable consumer viewing the packaging in context would understand that the phrase "high protein" refers to the lentil flour from which the Products are made rather than the protein content of the Product itself.

To determine whether Defendant's labeling would mislead a reasonable consumer, the Court must consider the packaging "as a whole." *Freeman*, 68 F.3d at 290; *Weiss v. Trader Joe's Co.*, 838 F. App'x 302, 303 (9th Cir. 2021) ("[P]roduct packaging should be examined in its full context because it would be unreasonable to cherry-pick discrete statements to prove deception."). Viewing the packaging as a whole, the Court finds that the phrase "high protein" would not lead the reasonable consumer to believe that the chips themselves are high in protein. The phrase "high protein" never appears in isolation. It is used on the packaging to describe lentils and lentil flour.[2] It is implausible that a reasonable consumer would understand the phrase "high protein" to refer to the quantity of protein contained in the chips. *See Stewart v. Kodiak Cakes, LLC*, 568 F. Supp. 3d 1056, 1069 (S.D. Cal. 2021) (finding it implausible that "healthy" statement made in the context of describing whole grains would deceive consumer as to fat content of products).

Plaintiff contends that the presence of the phrase "high protein" is misleading regardless of

---

[2] Plaintiff does not dispute that the lentil flour from which the chips are made is higher in protein than other grains commonly used in chips, like wheat or corn.

the context. In opposition, Plaintiff asserts that the phrase "high protein lentils" with an arrow pointing to the chips would deceive the consumer and argues that the phrase "high protein lentils finely milled into flour" is in a small print. These arguments fail to meaningfully address the fact that "high protein" is never used in isolation and always used in connection with lentils or lentil flour, not the chips themselves. Accepting Plaintiff's arguments would require the Court to impermissibly ignore the context of the packaging. Moreover, to the extent Plaintiff contends that the phrase "high protein" is misleading in any context unless it complies with FDA regulations, the Court is unconvinced. Plaintiff has not sufficiently alleged that the reasonable consumer is sufficiently aware of the FDA regulations such that they would be misled by the Product's alleged lack of conformity with the regulations. *See Forrett v. Gourmet Nut, Inc.*, No. 22-cv-02045-BLF, 2022 WL 6768217, at *3 (N.D. Cal. Oct. 11, 2022) (finding that "a reasonable consumer is not sufficiently familiar with FDA regulations to know the guideline for "high" in protein is ten grams.").

The Court concludes Plaintiff has failed to plausibly allege consumer deception based on the "high protein" statements on the front label.

**2. "Protein-Packed"**

Plaintiff also challenges the phrase "protein-packed" on the back label of the package. The phrase appears in a sentence reading "This chip's unique recipe results in a protein-packed, crunchy experience, bursting with flavor as you savor a great-tasing 'better-for-you' chip." (FAC ¶ 22.) Plaintiff alleges that the phrase "protein-packed" leads consumers to believe the products are "high" in protein or constitute an excellent source of protein.

Defendant challenges this theory as implausible for three reasons: (1) the phrase "protein-packed" is non-actionable puffery; (2) the Nutrition Facts panel resolves any ambiguity over the protein content of the chips; and (3) Plaintiff has failed to adequately allege he relied on the "protein-packed" statement in deciding to purchase the chips.

The Ninth Circuit has held that "generalized, vague and unspecific assertions constitute[e] mere 'puffery' upon which a reasonable consumer [cannot] rely." *Glen Holly Entm't, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003) (citations omitted). "Advertising which

5

merely states in general terms that one product is superior is not actionable. However, misdescriptions of specific or absolute characteristics of a product are actionable." *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 246 (9th Cir.1990).

In *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123 (N.D. Cal. 2013), the court concluded that statements that a computer was "ultra-reliable" or "packed with power" were puffery because they said "nothing about the specific characteristics or components of the computer." *Id.* at 1133. In *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997), the court examined two advertisements: "Less is More" and "50% Less Mowing" and determined the former was "precisely the type of generalized boasting upon which no reasonable buyer would rely" and the latter was a "specific and measurable advertisement claim of product superiority based on product testing." *Id.* at 1145.

Here, Defendant's use of "protein-packed" is puffery. "Packed" is not a "specific and measurable claim" that is "capable of being proved false or of being reasonably interpreted as statement of objective fact." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1998). Like the statement "packed with power" in *Elias* and "less is more" in *Southland Sod*, "protein packed" is a generalized claim about the Product that is not measurable. There is no objective definition of "protein packed," and even if there were, Plaintiff has not alleged one.

The context in which the phrase appears on the packaging further underscores the conclusion that the phrase is puffery. The full statement reads: "This chip's unique recipe results in a protein-packed, crunchy experience, bursting with flavor as you savor a great-tasting 'better-for-you' chip." (FAC ¶ 20.) This statement "merely states in general terms that one product is superior," and accordingly, is not actionable. *Cook, Perkiss and Liehe, Inc.*, 911 F.2d at 246. A reasonable consumer viewing the packaging would not interpret the phrase as a factual claim about the protein content in the chips, but rather a subjective claim that Defendant's chips are superior to other chip brands.

To the extent Plaintiff argues that "protein-packed" is equivalent to the FDA-regulated terms "high," "rich in," or "excellent source of," the Court disagrees. Plaintiff cannot rely on the

6

FDA regulations to establish the deceptiveness of "protein-packed" because "packed" is not a term regulated by the FDA. *See* 21 C.F.R. § 101.54; *see also Coe v. Gen. Mills, Inc.*, No. 15-cv-05112-TEH, 2016 WL 4208287, at *4 (N.D. Cal. Aug. 10, 2016) (finding that the same FDA regulation applies only to claims that use the words expressly referenced in the regulation such as "good source," "contains," or "provides").

Recently, a district court considering a similar "protein-packed" claim determined that the phrase would be unlikely to mislead a reasonable consumer. In *Forrett*, the plaintiff alleged fraud-based claims under the UCL, FAL, and CLRA and breach of warranty claims based on the "protein-packed" representation on the defendant's trail mix packaging. 2022 WL 6768217, at *3. The court dismissed the fraud-based claims finding that "[b]ecause 'packed' does not have a defined meaning with regards to nutrient content, Plaintiff cannot show that the term 'Protein Packed' is false" or "likely to mislead a reasonable consumer." *Id.* at *3. The court also rejected the plaintiff's theory of deception to the extent it was based on 21 C.F.R. section 101.54 because "packed" was not an FDA-regulated term. *Id. Forrett* is instructive here.

Furthermore, as Defendant argues, any potential consumer confusion resulting from the "protein-packed" claim would be cleared up by the Nutrition Facts panel, which states that the Product contains 3 grams of protein per serving. Thus, a reasonable consumer would not be misled by the phrase "protein-packed" because it is accompanied by the number of grams of protein.

The court in *Stewart v. Kodiak Cakes, LLC*, 537 F.Supp.3d 1103 (S.D. Cal. 2021), addressed a similar claim. In *Stewart*, the plaintiff alleged that the defendant misleadingly labeled and advertised its products as "protein-packed." *Id.* at 1152. The defendant argued the allegations were implausible because both the front and the back of the box stated the grams of protein contained in the product. *Id.* The court concluded that a reasonable person would not find the defendant's use of "protein-packed" to be misleading because "[e]ven if the consumer were still uncertain on the meaning of 'protein-packed' after seeing the grams of protein listed clearly on the front of the box, a reasonable consumer would be aware of the nutrition facts label on the back or side of the box as a means to clarify any uncertainty." *Id.* at 1153.

7

Here, as in *Stewart*, the Court concludes Plaintiff has not shown that a reasonable consumer would be deceived as to the meaning of "protein-packed" on the back label because the Nutrition Facts panel located near the statement clarifies the grams of protein in the product. *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1101 (N.D. Cal. 2017) ("[T]he information concerning the amount of protein originating from milk and cereal is located directly below the allegedly misleading statement. A reasonable consumer viewing this infographic would conclude that the amount of protein represented comes from a combination of cereal and milk.").

Plaintiff relies on *Williams* to argue that Defendant cannot rely on information in the Nutrition Facts panel to correct a misstatement elsewhere on the packaging. In *Williams*, the Ninth Circuit said that "reasonable consumers should [not] be expected to look beyond misleading representations on the *front* of the box to discover the truth from the ingredient list in small print on the *side* of the box." 552 F.3d at 939 (emphasis added). The Ninth Circuit has clarified that "*Williams* stands for the proposition that *if* the defendant commits an act of deception, the presence of fine print revealing the truth is insufficient to dispel that deception." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016) (emphasis in original). Thus, where "there is no deceptive act to be dispelled," *e.g.*, where the correcting statement on the label "does not contradict other representations or inferences on the packaging" and where "there are no other words, pictures, or diagrams adorning the packaging, as there were in *Williams*, from which *any* inference could be drawn or on which *any* reasonable belief could be based," a reasonable consumer can be expected to look at other parts of the label. *Id.* (emphases in original).

Here, the Court has determined there are no affirmative misrepresentations on the Product's packaging. Thus, there "is no deceptive act to be dispelled," and Plaintiff cannot ignore the presence of the Nutrition Facts panel which states the amount of protein per serving. *Ebner*, 838 F.3d at 966. A reasonable consumer with questions about the protein content could easily see how much protein is in a serving of chips by glancing at the adjacent ingredient list. *See Brown v. Starbucks Corp.*, No. 18-cv-2286 JM (WVG), 2019 996399, at *4 (S.D. Cal. Mar. 1, 2019) (quoting *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1167-69 (2018) (distinguishing *Williams* because the packaging did "not present a 'front-back' bait-and-switch problem.").

8

Defendant also argues Plaintiff has failed to plausibly allege reliance on the "protein-packed" representation. Plaintiff alleges he "relied upon Defendant's labeling and advertising claims, namely, the protein representations and omissions printed on the front and back of the Product." (FAC ¶ 9.) He further alleges he "was exposed to, read, and relied upon Defendant's labeling claims that were intended to appeal to consumers interested in protein-focused products" and "to the best of his recollection, [he] read and relied on Defendant's labeling representations including… 'protein-packed'…" (*Id.* ¶ 10.)

Defendant argues the Court should not consider Plaintiff's allegations of reliance because they are inconsistent with his initial complaint, in which he alleged that he relied on "the high protein representations printed on the front of the Product." (Dkt. No. 1, Compl. ¶ 8.) Thus, Defendant urges the Court to reject Plaintiff's inconsistent allegations.

The Ninth Circuit has held that "[a] party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (internal citation and quotation marks omitted). However, the allegations in the amended complaint do not directly contradict those in the initial complaint. In the initial complaint, Plaintiff alleged he "relied upon Defendant's labeling and advertising claims, namely, the high protein representations" on the front label. (Compl. ¶ 8.) Plaintiff's amended complaint is not a direct contradiction of that allegation. He does not disclaim his reliance on the front label, rather, he clarifies that he read and relied on the back label as well. The Court does not find this allegation directly contradictory. However, Plaintiff's claims based on the "protein packed" representation nevertheless fail for the reasons discussed above.

### C. Plaintiff Fails to Plausibly Allege Reliance For his Omissions-Based Theory.

Plaintiff's final theory of consumer deception is based on Defendant's purported omission of the DRV percentage for protein. Plaintiff alleges Defendant was required to include the DRV, and Defendant's failure to disclose this information was false and misleading. Defendant argues this theory fails because Plaintiff does not allege that he saw or relied on the Nutrition Facts panel when he purchased the product.

9

Actual reliance is an essential element of a fraudulent omission claim. *Cohen v. DIRECTV, Inc.*, 178 Cal.App.4th 966 (2009). A plaintiff may demonstrate actual reliance by pleading that "had the omitted information been disclosed, he would have been aware of it and behaved differently.'" *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) (quoting *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993)).

Here, Plaintiff alleges he "relied upon Defendant's labeling and advertising claims, namely, the protein representations and omissions printed on the front and back of the Product." (FAC ¶ 9.) He also alleges "the products did not have a percentage of Daily Recommended Value ("DRV") listed for protein." (*Id.* ¶ 10.)

These conclusory allegations are insufficient to establish that Plaintiff relied on the purported omission of the DRV in deciding to purchase the Product. Plaintiff's vague allegation that he relied on "labeling claims" on the "front and back of the Product" does not establish that he reviewed or relied on the Nutrition Facts panel in deciding to make his purchase. Nor does the allegation that "the products did not have a percentage of Daily Recommended Value ("DRV") listed for protein" establish that he read the Nutrition Facts panel or that its contents affected his purchasing decision. Absent allegations that he read and relied on the Nutrition Facts panel, Plaintiff cannot plausibly allege that he was deceived by its lack of disclosures. *Pardini v. Unilever U.S., Inc.*, 961 F. Supp. 2d 1048, 1060 (N.D. Cal. 2013) ("Plaintiff has not pled that she ever looked at the nutrition panel. As such, it is implausible that she was deceived by its lack of disclosures."). Thus, Plaintiff has failed to plausibly allege that had the omitted information been disclosed, he would have been aware of it and behaved differently. The court dismisses the claims premised on this theory with leave to amend.

**D.     Plaintiff's Remaining Claims are Dismissed.**

Plaintiff also brings claims pursuant to the "unlawful" and "unfair" prongs of the UCL, and common-law claims for breach of express warranty and unjust enrichment. Defendant argues that the remaining claims fail absent plausible allegations of consumer deception. (Mot. at 13-14.) Plaintiff does not dispute this is the case and argues that his remaining claims should survive for the same reasons as his fraud-based claims. However, as discussed above, the Court has found

Plaintiff has failed to adequately plead his fraud-based claims, and thus, Plaintiff's remaining claims are subject to dismissal as well. *See, e.g., Weiss*, 838 F. App'x at 303 (affirming dismissal of warranty claims premised on the same representations as consumer protection claims).

Because the Court has concluded Plaintiff's complaint is subject to dismissal in its entirety, it need not reach Defendant's argument that Plaintiff's claims should be dismissed to the extent they seek equitable relief.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. The Court is skeptical that the complaint can be amended to state a claim given that the deficiencies in the pleading primarily relate to Defendant's packaging, which would not change in an amended complaint. However, the Court cannot say that amendment would be futile, and thus, grants the motion WITH LEAVE TO AMEND. Plaintiff shall file any amended complaint within twenty-one (21) days of this Order.

The Court FURTHER ORDERS the parties to appear for an initial case management conference on March 24, 2023 at 11:00 a.m. The parties shall submit a joint case management statement by March 17, 2023.

**IT IS SO ORDERED.**

Dated: January 4, 2023

_____
JEFFREY S. WHITE
United States District Judge

11